UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MARY ROSE DIEFENDERFER,

              Plaintiff,

v.

MARY E. PETERS, Secretary of U.S. Department of Transportation,[1]

              Defendant.

C08-958Z

ORDER

THIS MATTER comes before the Court on Defendant's Motion to Dismiss Whistleblowing and Constructive Discharge Claims, docket no. 12. Having considered the pleadings and declarations in support of and in opposition to the motion, and having heard oral argument on June 22, 2009, the Court enters the following Order.

**I.     BACKGROUND**

Plaintiff Mary Rose Diefenderfer worked for the United States Department of Transportation's Federal Aviation Administration ("FAA") from July 17, 1988, until she resigned on November 16, 1999. Compl., docket no. 1, ¶ 4; Diefenderfer Decl., docket no. 19, Ex. B (Resignation Letter). Plaintiff was hired by the FAA as an air carrier operations

---

[1] Pursuant to Fed. R. Civ. P. 25(d), Ray LaHood, the newly appointed Secretary of the United States Department of Transportation, is automatically substituted for Mary E. Peters as the Defendant in the case.

ORDER   1–

safety inspector in 1988, and worked her way up to principal operations inspector. Diefenderfer Decl. at 2-3.  Between September 8, 1997 and November 13, 1999, Plaintiff filed nine Equal Employment Office ("EEO") complaints, alleging sex discrimination, retaliation for whistleblowing, and retaliation for filing EEO complaints.  Lonnquist Decl., docket no. 22, Exs. A-I.  Plaintiff's EEO complaints challenged a reassignment from her position as principal operations inspector, the non-selection for six positions for which she applied, a letter of reprimand, revoked access to a database, being placed on AWOL status, and a proposed suspension.  See id.; Diefenderfer Decl. at 4:14-21.  Plaintiff does not dispute Defendant's contention that she did not file an EEO complaint or amend an existing EEO complaint to allege that her resignation on November 16, 1999 constituted constructive discharge.

On March 7, 2007, an Administrative Law Judge ("ALJ") for the United States Equal Employment Opportunity Commission ("EEOC") issued a Hearing Order, directing Plaintiff to establish a legal basis for claiming constructive discharge.  Mittet Decl., docket nos. 12 and 13, Ex. A at 2.[2]  On or about March 5, 2008, the EEOC dismissed Plaintiff's EEO complaints.  Id., Ex. B (the "EEOC Order").  The EEOC Order stated the following with respect to Plaintiff's resignation and her constructive discharge "claim:"

> On November 16, 1999, the Complainant submitted a letter of resignation, effective immediately, advising the Agency that she had obtained a position in private industry.  At no time within the requisite 45 days following her resignation did the Complainant file a charge of constructive discharge with the EEO counselor.  The Complainant's resignation letter cannot be said to have given the requisite notice to the Agency that a constructive discharge claim was being alleged.  Nor can there be any question that the Complainant was not sufficiently aware of the EEO complaint process.  Indeed, the Complainant appears to have the benefit of counsel from the onset of her litigious relationship with the FAA and had already filed numerous EEO complaints by

---

[2] The ALJ ordered Plaintiff, in pertinent part, to file a brief to establish the "legal basis for urging the acceptance (by this administrative judge) of the Complainant's constructive discharge claim in the instant EEOC administrative hearings" and the "basis of any prior EEO allegation or filing of a formal or informal complaint alleging constructive discharge."  Mittet Decl., Ex. A at 2.

ORDER   2–

> the time she tendered her resignation letter. Nevertheless, assuming, *arguendo*, the procedural posture of this claim was valid for purposes of finality and in the interest of judicial and resources economy, the undersigned Administrative Judge has considered the Complainant's constructive discharge claim *on its merits* and found it failing.

Id., Ex. B at 57-58 (emphasis in original). The EEOC found that "the Complainant's resignation was voluntary" and concluded that her constructive discharge claim failed both procedurally and on the merits. Id., Ex. B at 59. On April 7, 2008, Defendant issued its Final Order in the EEO case, accepting the EEOC's no discrimination finding, and providing notice to Plaintiff of her right to file a civil suit in the appropriate United States District Court within ninety days. Compl. ¶ 80, Ex. A. Plaintiff timely filed the instant Complaint.

While pursuing her sex discrimination and retaliation claims before the EEOC, Plaintiff engaged in parallel administrative proceedings on her whistleblowing claims before the Office of Special Counsel (the "OSC") and the Merit Systems Protection Board ("MSPB").[3] On or about May 5, 2000, Plaintiff filed a whistleblower complaint with the OSC. Compl. ¶ 64. Plaintiff requested that the OSC consolidate the EEO and whistleblowing matters for investigation by the OSC. Id. On March 31, 2003, the OSC "clos[ed] its inquiry" without taking any action and advised Plaintiff that "she had the right to seek corrective action from the MSPB." Compl. ¶ 68.

---

[3] The OSC and MSPB are related agencies. Relevant to the instant case, "[p]ursuant to 5 U.S.C. § 1221, current or former federal employees and applicants who allege that they were subjected to any personnel action because of whistleblowing may seek corrective action in an appeal to the MSPB. Such an appeal is known as an 'individual right of action' (IRA). By law, the employee or applicant must seek corrective action from the OSC before filing an IRA." U.S. Office of Special Counsel: "Prohibited Personnel Actions" at http://www.osc.gov/ppp.htm; see also 5 C.F.R. § 1209.2(b)(1) (defining IRA appeals and providing that "[i]f the action is not otherwise directly appealable to the Board, the appellant must seek corrective action from the Special Counsel before appealing to the Board.").

ORDER  3–

On May 29, 2003, Plaintiff filed an individual right of action ("IRA") appeal with the MSPB.[4] Diefenderfer Decl. Ex. C (Appeal Form);[5] see Diefenderfer v. Dep't of Transp., 108 M.S.P.R. 651, 652 (May 13, 2008) (referring to Plaintiff's appeal – after the OSC terminated its investigation of her complaint – as an "individual right of action (IRA) appeal."). On October 12, 2005, the ALJ for the MSPB, ALJ Cassidy, issued an Order declining jurisdiction over Plaintiff's EEO complaints. Lonnquist Decl., docket no. 18, Ex. B at 3 (ALJ Cassidy does "not consider EEO matters to come within the purview of this IRA appeal"). ALJ Cassidy reasoned, in part, that "[i]t is well-established an appellant cannot raise a claim of prohibited discrimination in an IRA appeal." Id., Ex. B at 2. Plaintiff did not appeal ALJ Cassidy's Order declining jurisdiction over Plaintiff's EEO complaints. The parties litigated Plaintiff's whistleblowing claims before ALJ Cassidy. On July 23, 2007, ALJ Cassidy dismissed Diefenderfer's whistleblower claims. Compl. ¶ 78. Plaintiff appealed ALJ Cassidy's decision to the full board of the MSPB; on May 18, 2008, the MSPB affirmed in part, vacated and remanded in part. Diefenderfer v. Dep't of Transp., 108 M.S.P.R. 651, 662-66 (May 13, 2008). On remand, it appears possible that Plaintiff will be granted relief in her favor. The parties have represented to the Court that the MSPB proceedings have not concluded.

On June 19, 2008, Plaintiff filed the instant Complaint against Defendant Mary E. Peters, in her official capacity as the Secretary of the United States Department of Transportation, alleging the following three claims: (1) Sex Discrimination in violation of Title VII of the Civil Rights Act of 1964 (the "sex discrimination claim"), Compl. at 15-16

---

[4] The EEOC held the EEO complaints in abeyance until the MSPB could determine its jurisdiction over the EEO complaints. Compl. ¶ 65.

[5] On the appeal form, Plaintiff represented that her issues of discrimination based on gender "are currently in the EEOC process," and that her "gender complaints are pending with the EEOC." Diefenderfer Decl. Ex. C at Section 32a and Attachment regarding Part IV, Section 31b.

ORDER  4–

¶¶ 86-95, (2) Retaliation for EEO Activity in violation of Title VII of the Civil Rights Act of 1964 (the "retaliation claim"), Compl. at 16-18 ¶¶ 96-95,[6] and (3) Unlawful Discrimination Based on the Civil Service Reform Act, as Amended by the Whistleblower Protection Act (the "whistleblowing claim"), Compl. at 18-19 ¶¶ 96-105.  Each claim has numerous subclaims.  One subclaim of Plaintiff's second retaliation claim is a claim for constructive discharge (referred to herein as the "retaliatory constructive discharge claim"), Compl. at 17 ¶ 90s.[7]

## II.  DISCUSSION

### A.  Standard of Review

Defendant moves to dismiss Plaintiff's retaliatory constructive discharge and whistleblowing claims pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction.[8]  "[W]hen considering a motion to dismiss pursuant to Rule 12(b)(1) the district court is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction."  McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988).

### B.  Retaliatory Constructive Discharge Claim

Defendant moves to dismiss Plaintiff's claim for retaliatory constructive discharge, Compl. at 17 ¶ 90s, based on Plaintiff's failure to exhaust administrative remedies.  Specifically, Defendant argues that Plaintiff failed to file an EEO "charge" of constructive discharge within 180 days of her resignation pursuant to 42 U.S.C. § 2000e-5(e)(1).  In 2002,

---

[6] Plaintiff's Complaint contains errors in numbering paragraphs, and therefore the Court uses page and paragraph numbers for reference, where necessary.

[7] Plaintiff's retaliatory constructive discharge claim, which is alleged under Title VII, is not to be confused with her constructive discharge subclaim of her third claim for whistleblowing.

[8] Defendant also moves to dismiss pursuant to Fed. R. Civ. P. 12(b)(6); however Defendant does not present any substantive argument that Plaintiff has failed to state a claim upon which relief can be granted.

ORDER   5–

the United States Supreme Court discussed the 180-day requirement for filing an EEO charge:

> Title 42 U.S.C. § 2000e-5(e)(1) is a charge filing provision that specifies with precision the prerequisites that a plaintiff must satisfy before filing suit. . . . [T]he critical sentence of the charge filing provision is: 'A charge under this section *shall be filed* within one hundred and eighty days *after the alleged unlawful employment practice occurred*.' § 2000e-5(e)(1). . . . 'Shall' makes the act of filing a charge within the specified time period mandatory. . . . A discrete retaliatory or discriminatory act 'occurred' on the date that it 'happened.' A party, therefore, must file a charge within . . . 180 . . . days of the date of the act or lose the ability to recover for it. . . . Discrete acts such as termination . . . are easy to identify.

Morgan, 536 U.S. at 109-114 (emphasis in original) (internal quotations and citations omitted). Defendant relies on Morgan, and Plaintiff does not argue that Morgan should not be applied retroactively. Under the teaching of Morgan, the Court rejects Plaintiff's argument that constructive discharge is "neither a claim nor cause of action, but rather an issue related to economic damages" that "need not be submitted as a charge." Pl.'s Resp. at 9; see also Ong v. Cleland, 642 F.2d 316, 320 (9th Cir. 1981) (treating constructive discharge as a claim requiring exhaustion).

The Court also rejects Plaintiff's argument that her retaliatory constructive discharge claim is "like or reasonably related" to the charges outlined in her EEO complaints. See Leong v. Potter, 347 F.3d 1117, 1123 (9th Cir. 2003) (holding that the district court's failure to consider whether the plaintiff's disability claim was like or reasonably related to the claims he presented to the EEOC was harmless because plaintiff's disability claim differed substantially from the claims he presented); Ong, 642 F.2d at 320 (dismissing unexhausted constructive discharge claim as not like or reasonably related to discrimination in promotion allegations in the charge). Plaintiff's EEO claims involved a reassignment, denied positions, a reprimand, denial to a database and other discrete acts that were spread over several years and taken by different decision-makers. Plaintiff's retaliatory constructive discharge claim presents a different theory of liability not presented by Plaintiff's EEO claims. See Leong, 347 F.3d at 1122. The Court is mindful of the Ninth Circuit's requirement to construe an

ORDER   6–

1  EEOC charge with "utmost liberality" but, at the same time, the Court keeps in mind that
2  Plaintiff was familiar with the EEO filing procedures.  See Lyons v. England, 307 F.3d 1092,
3  1104 (9th Cir. 2002).
4      "The jurisdictional scope of the plaintiff's court action depends on the scope of the
5  EEOC charge *and investigation*."  Leong, 347 F.3d at 1122 (emphasis added).  Plaintiff's
6  resignation was not the subject of the EEOC investigation.  In his April 11, 2000 Report of
7  Investigation, Robin Lindley, the EEOC investigator, acknowledged Plaintiff's resignation
8  on November 16, 1999, but *he did not discuss her resignation as the basis for any claim*.
9  Diefenderfer Decl. Ex. A at 15, 17.  He investigated Plaintiff's charges of retaliation, which
10 she had alleged resulted in her being placed on AWOL status and in her receiving a proposed
11 suspension.  Id., Ex. A at 18.  But he did not investigate whether her resignation was
12 involuntary and the result of any retaliation.  The Court cannot find that the investigator erred
13 in not investigating her resignation as retaliatory because, foremost, she had not filed a
14 charge of constructive discharge to give him notice of such a claim.  Moreover, he could
15 have reasonably relied on the assumption that if she wanted to assert such a claim, she would
16 have.  Indeed, Plaintiff filed her ninth EEO complaint just three days prior to her resignation.
17 See Lonnquist Decl., docket no. 22, Ex. I.  The absence of a charge after her resignation
18 could reasonably be relied on by the investigator as a reason to believe that she did not
19 consider her resignation as the basis for a claim.  Plaintiff blames the EEO investigator,
20 Robin Lindley, for "never advis[ing] Ms. Diefenderfer to file a new charge or to amend an
21 existing charge to add an allegation of constructive discharge."  Pl.'s Resp., docket no. 17, at
22 5:20-21.  Plaintiff has provided no authority to support the proposition that an EEO
23 investigator has a duty to advise a complainant of her rights to amend or file charges, a duty,
24 which, this Court notes, might compromise his neutrality.
25     Plaintiff's alleged constructive discharge constitutes a discrete act that occurred on the
26 date of her resignation.  Under Morgan and Ong, Plaintiff was required to file an EEO charge

ORDER  7–

alleging constructive discharge within 180 days of her resignation. See also Spencer v. Ashcroft, 147 Fed. Appx. 373, 375 (4th Cir. 2005) (holding that constructive discharge is a discrete discriminatory act requiring administrative exhaustion where plaintiff failed to show that constructive discharge was not "imbedded" within the EEO complaint). There is no dispute that Plaintiff failed to file an EEO charge alleging constructive discharge within 180 days of her November 16, 1999 resignation pursuant to 42 U.S.C. § 2000e-5(e)(1). Plaintiff neither filed a new EEO complaint nor amended one of her existing EEO complaints to allege a claim for constructive discharge.[9]

Plaintiff raised the issue of constructive discharge for the first time during the March 2007 hearings before the EEOC ALJ – over six years after her resignation.[10] This delayed and informal method of presentation of a claim does not fulfill the statutory filing requirement. See Moore v. Schafer, 573 F.Supp.2d 216, (D.D.C. 2008) (dismissing constructive discharge claim for failure to exhaust and holding that constructive notice was not enough). In the March 2008 EEOC Order, the ALJ's consideration of the merits of Plaintiff's constructive discharge claim was dicta. See Harris v. Vasquez, 949 F.2d 1497, 1541-42 (9th Cir. 1990) (discussion of the merits of a habeas petition is dicta in light of a holding that the petition is procedurally barred). The same ALJ concluded that Plaintiff's constructive discharge claim failed procedurally as a result of Plaintiff's failure to exhaust administrative remedies.

Although the failure to exhaust administrative remedies before filing suit can, under certain statutes, operate as a jurisdictional bar to judicial review, in the case of EEO

---

[9] The availability of a procedure to amend the complaint, which is undisputed by Defendant, see Def.'s Notice of Suppl. Citation, docket no. 29, is irrelevant in the absence of any motion to amend or amendment by Plaintiff.

[10] Plaintiff's supplemental submission to the Court on the day of oral argument contains no evidence of Plaintiff having raised the claim of constructive discharge to the EEOC prior to 2007. Suppl. Lonnquist Decl., docket no. 27, Ex. D (OSC letter dated Feb. 14, 2003), Ex. E (MSPB Order dated Oct. 1, 2003), and Ex. F (MSPB Summary of Telephonic Prehearing Conference dated June 6, 2005)

ORDER  8–

complaints, "filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court." Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982).[11] Instead, it is "a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." Id., cited with approval in Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 113 (2002). "Courts may evaluate whether it would be proper to apply such [equitable] doctrines, although they are to be applied sparingly." Morgan, 536 U.S. at 113.

As a result of Plaintiff's failure to bring an EEO charge alleging constructive discharge, Plaintiff lost the ability to recover for her retaliatory constructive discharge claim, unless equitable tolling applies. "Equitable tolling focuses on a plaintiff's excusable ignorance and lack of prejudice to the defendant." Leong, 347 F.3d at 1123. Tolling excuses delay, but not the complete failure to file a claim. See id.; see also Sommatino, 255 F.3d at 710 ("[E]quitable remedies are unavailable in federal court when the record shows that no administrative filing was ever made."). "[O]nce a claimant retains counsel, tolling ceases because she has gained the means of knowledge of her rights and can be charged with constructive knowledge of the law's requirements." Leong, 347 F.3d at 1123 (citations omitted). At the time of her resignation in November 1999, Plaintiff was aware of the EEO complaint process. Defendant would be prejudiced if the Court were to apply equitable tolling to permit Plaintiff's retaliatory constructive discharge claim. By not filing an administrative claim of constructive discharge, the EEOC and Defendant were denied the opportunity to resolve the claim and to develop an administrative record before the initiation of the present Title VII suit. See Ong, 642 F.2d at 320 (discussing policies behind

---

[11] Notwithstanding the "not a jurisdictional prerequisite" statement in Zipes, Ninth Circuit "case law also holds that substantial compliance with the presentment of discrimination complaints to an appropriate administrative agency *is* a jurisdictional prerequisite." Sommatino v. United States, 255 F.3d 704, 709 (9th Cir. 2001) (emphasis in original).

ORDER 9–

exhaustion requirement).  The Court declines to apply equitable tolling to Plaintiff's retaliatory constructive discharge claim.

The Court GRANTS Defendant's motion to dismiss Plaintiff's retaliatory constructive discharge claim for failure to exhaust administrative remedies.[12]

### C. **Whistleblowing Claim**

Plaintiff seeks judicial review of her whistleblowing claims pursuant to 29 C.F.R. § 1614.310, which provides that "an individual . . . is authorized by 5 U.S.C. § 7702 to file a civil action in an appropriate United States District Court . . . after 120 days from the date of filing an appeal with the MSPB if the MSPB has not yet made a decision."  Compl. ¶ 100.  Title 5 U.S.C. § 7702 applies to "actions involving discrimination."  5 U.S.C. § 7702.

Defendant moves to dismiss Plaintiff's third claim for whistleblowing, Compl. at 18-19 ¶¶ 96-105, for lack of subject matter jurisdiction.  Defendant asserts that Plaintiff's whistleblowing claims should be dismissed by this Court and then re-filed by Plaintiff in the United States Court of Appeals for the Federal Circuit (the "Federal Circuit") pursuant to 5 U.S.C. § 7703(b)(1) and 5 C.F.R. § 1201.120.

Plaintiff's asserted basis for jurisdiction fails.  The Court finds that 29 C.F.R. § 1614.310 and 5 U.S.C. § 7702 do not apply to Plaintiff's whistleblowing claims because Plaintiff filed her complaint with the OSC and appealed to the MSPB by way of an IRA appeal.  The MSPB's ALJ declined jurisdiction over Plaintiff's discrimination claims.  Plaintiff thereafter pursued her discrimination claims before the EEOC.  The MSPB never

---

[12] In addition to moving to dismiss Plaintiff's retaliatory constructive discharge claim based on Plaintiff's failure to file a charge within 180 days, Defendant also moves to dismiss this claim based on Plaintiff's failure to initiate contact regarding her alleged constructive discharge with an EEO Counselor within 45 days of her November 16, 1999 resignation pursuant to 29 C.F.R. § 1614.105(a)(1).  "Although it does not carry the full weight of statutory authority, failure to comply with this regulation has been held to be fatal to a federal employee's discrimination claim."  Lyons, 307 F.3d at 1105.  There is no dispute that Plaintiff failed to initiate contact regarding her alleged constructive discharge with an EEO Counselor within 45 days of the November 16, 1999 resignation.  This failure presents an alternative basis to dismiss Plaintiff's retaliatory constructive discharge claim.

ORDER   10–

considered the merits of Plaintiff's discrimination claims.  Plaintiff's appeal to the MSPB did not constitute a "mixed case appeal" because she did not directly file her non-discrimination and discrimination claims with the MSPB.  See Sloan v. West, 140 F.3d 1255, 1259 (9th Cir. 1998).  In the alternative, Plaintiff's appeal to the MSPB did not constitute a "mixed case appeal" because the MSPB declined jurisdiction over Plaintiff's discrimination claims.  See id.  This Court does not have jurisdiction to review the MSPB's handling of Plaintiff's IRA appeal.  See Bloom v. Dep't of Army, 245 Fed. Appx. 953, 955 (9th Cir. 2007); 5 U.S.C. § 1221(h)(2); 5 U.S.C. § 7703(b)(1).

The Court GRANTS Defendant's motion to dismiss Plaintiff's whistleblowing claim for lack of subject matter jurisdiction.[13]

### III.  CONCLUSION

The Court GRANTS Defendant's Motion to Dismiss Whistleblowing and Constructive Discharge Claims, docket no. 12, pursuant to Fed. R. Civ. P. 12(b)(1). Accordingly, the Court DISMISSES with prejudice Plaintiff's retaliatory constructive discharge claim, Compl. at 17 ¶ 90s, and DISMISSES without prejudice Plaintiff's whistleblowing claim, Compl. at 18-19 ¶¶ 96-105.

IT IS SO ORDERED.

DATED this 29th day of June, 2009.

Thomas S. Zilly
United States District Judge

---

[13] The Court does not reach the issue of whether the MSPB has issued a final order or final decision that can be appealed to the Federal Circuit pursuant to 5 U.S.C. § 7703(b)(1).

ORDER   11–