# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| MARY ROSE DIEFENDERFER,<br><br>               Plaintiff,<br><br>v.<br><br>RAY LaHOOD, Secretary of U.S. Department of Transportation,<br><br>               Defendant. | C08-958Z<br><br>ORDER |

THIS MATTER comes before the Court on Plaintiff's Motion for Reconsideration, docket no. 31. On July 13, 2009, the Court denied in part and deferred in part Plaintiff's Motion for Reconsideration, docket no. 31. Minute Order, docket no. 34. Having reviewed the pleadings and declarations filed in support of and in opposition to the motion, the Court now DENIES the deferred portion of Plaintiff's Motion for Reconsideration, docket no. 31, regarding the Court's dismissal of Ms. Diefenderfer's retaliatory constructive discharge claim for failure to exhaust administrative remedies.[1]

Ms. Diefenderfer has failed to demonstrate the Court's "manifest error" in the prior ruling and has failed to show "new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." See Local Rule CR 7(h)(1).

---

[1] The Court FURTHER ORDERS that Defendant's Surreply to Plaintiff's Motion for Reconsideration, docket no. 40, is DENIED.

ORDER - 1

Plaintiff's opposition to Defendant's motion to dismiss briefly argued that Mr. Lindley, the EEO investigator assigned to investigate five of her complaints, "never advised Ms. Diefenderfer to file a new charge or to amend an existing charge to add an allegation of constructive discharge." See Pl.'s Opp'n, docket no. 17, at 5. However, Ms. Diefenderfer failed to provide any authority regarding Mr. Lindley's duty to so advise her as part of his investigation of her complaints, and failed to argue that the Court should apply equitable doctrines as a result of Mr. Lindley's conduct to excuse her failure to exhaust administrative remedies.

In connection with her motion for reconsideration, Ms. Diefenderfer now argues that Mr. Lindley's duty to advise her to file a new charge or amend an existing charge arises under EEOC Management Directive 110 ("MD-110"). Lonnquist Decl., docket no. 32, Ex. 1 (excerpts of MD-110). Even if the Court were to consider this new authority, which could have been brought to its attention earlier, Ms. Diefenderfer has failed to demonstrate that Mr. Lindley violated MD-110 in any way that caused her prejudice.

First, Ms. Diefenderfer relies on MD-110, Chapter 2, Section V.A.1-2, which covers "the EEO Counseling Process" and the EEO counselor's role in determining the claims. MD-110 Chapter 2 does not apply to Mr. Lindley, who acted as an EEO investigator, not an EEO counselor.

Second, Ms. Diefenderfer relies on MD-110, Chapter 5, Section III.A.1, which covers the need to avoid fragmenting EEO complaints. Fragmentation occurs when evidence offered in support of a claim is considered a separate claim. Plaintiff has failed to show that Mr. Lindley fragmented her complaints.

Third, Ms. Diefenderfer relies on MD-110, Chapter 5, Section III.A.3, which requires the investigation of incidents that occurred outside the 45-day time limit "to the extent they are sufficiently interrelated to a timely raised incident such that a continuing violation has been established." Ms. Diefenderfer has failed to establish that a continuing violation has

occurred, and, accordingly, the Court declines to apply the "continuing violation" rules set forth in MD-110, Chapter 5, Section III.A.3.

Fourth, Ms. Diefenderfer relies on MD-110, Chapter 5, Section III.B.2, which covers procedures for a complainant or the agency to amend a pending complaint where a new incident raises a new claim that is like or related to a pending claim. In the Order dated June 29, 2009, the Court concluded that Plaintiff's retaliatory constructive discharge claim is not like or related to the charges outlined in her EEO complaints. Order, docket no. 30, at 6-7. The Court declines to reconsider this finding, and, accordingly, declines to apply the "like or related" rules set forth in MD-110, Chapter 5, Section III.B.2.

Fifth, Ms. Diefenderfer relies on MD-110, Chapter 5, Section III.B.3, which covers procedures for a complainant to be advised in writing that she should seek EEO counseling on a new claim where a new incident raises a claim that is not like or related to a pending claim. MD-110, Chapter 5, Section III.B provides:

> When a complainant raises a new incident of alleged discrimination during the processing of an EEO complaint, it must be determined whether this new incident:
>
> 1. provides additional evidence offered to support the existing claim . . . ;
>
> 2. raises a new claim that is like or related to the claim(s) raised in the pending complaint; or
>
> 3. raises a new claim that is not like or related to the claim(s) raised in the pending complaint.
>
> In order to facilitate such a determination, the complainant shall be instructed by the investigator . . . to submit a letter to the agency's EEO Director or Complaints Manager . . . describing the new incident(s) and stating that s/he wishes to amend his/her complaint to include the new incidents.

MD-110, Chapter 5, Section III.B.3 further provides:

> If the EEO Director or Complaints Manager concludes that the new claim raised by the complainant is not like or related to the claim(s) raised in the pending complaint, then the complainant must be advised in writing that s/he should seek EEO counseling on the new claim. The postmark date of the letter (from complainant requesting an amendment) to the EEO Director or

ORDER - 3

Complaints Manager would be the date for time computation purposes used to determine if initial counselor contact was timely under § 1614.105(b).[2]

Mr. Lindley conducted his investigation between January 27, 2000 and April 4, 2000, and he reported his findings on April 11, 2000. Mittet Decl., docket no. 37, Ex. G. Thus, his investigation commenced more than 45 days after Ms. Diefenderfer's November 16, 1999 resignation. It is now clear, from Ms. Diefenderfer's Affidavit filed in connection with Plaintiff's motion for reconsideration, that at some point during his investigation, Mr. Lindley learned that Ms. Diefenderfer "resigned under duress" and that she "consider[ed] this resignation a constructive discharge in retaliation for [her] earlier involvement in protected activities." Lonnquist Decl., docket no. 35, Ex. A (Affidavit of Mary Rose Diefenderfer, signed by Ms. Diefenderfer and Mr. Lindley on March 23, 2000) at 2. Ms. Diefenderfer's Affidavit further states that "[t]he investigator has informed me that he is not authorized to look into my claim of constructive discharge or whistle-blowing activities." Id., Ex. A at 2. Even if Mr. Lindley had a duty to advise Ms. Diefenderfer to submit a letter to the agency's EEO Director or Complaints Manager describing the new incident of constructive discharge and stating that she wishes to amend her complaint to include the new incident, which he arguably did pursuant to MD-110, Chapter 5, Section III.B, it would have been an exercise of futility because the agency ultimately would have denied her new claim as untimely. The earliest Mr. Lindley could have learned of Ms. Diefenderfer's claim for constructive discharge was January 27, 2000, more than 45 days after her November 16, 1999 resignation. Even if he had advised her at the beginning of the investigation to submit a letter to the EEO Director or Complaints Manager, the date of her letter would have been the date used to determine if initial counselor contact was timely, and it could not have been timely under any

---

[2] Presumably, this should read 29 C.F.R. § 1614.105**(a)**, the regulation setting forth the 45-day initial contact requirement.

ORDER - 4

facts.  Any violation of MD-110, Chapter 5, Section III.B.3 by Mr. Lindley did not prejudice Plaintiff.

Next, Ms. Diefenderfer asserts that "contrary to the Court's Order, Plaintiff **does** dispute that she did not file an EEO Complaint or amend an existing complaint to allege that her resignation on November 16, 1999 constituted constructive discharge."  Pl.'s Mot. Reconsideration at 17 (emphasis in original).  However, Ms. Diefenderfer fails to provide any evidence or argument that she initiated contact with the EEO Counselor regarding her constructive discharge claim within the requisite 45-day period.

Lastly, Ms. Diefenderfer argues that Defendant had an opportunity to develop an administrative record.  The Court disagrees.  The cross-examination of Ms. Diefenderfer and briefing by her attorney in 2007 before the EEO ALJ cannot substitute for a full EEO investigation in the year 2000, which would have occurred if Ms. Diefenderfer had properly exhausted her administrative remedies.

The Court acknowledges its inadvertent application of the 180-day filing period set forth in 42 U.S.C. § 2000e-5(e)(1), the time period applicable to the private sector, to Ms. Diefenderfer, a federal employee.  See Order, docket no. 30, at 5:19-20.  The Court's alternative basis for dismissal applied the correct regulations applicable to federal employees. See Order at 10 n.12.  Ms. Diefenderfer had a duty to "initiate contact with a Counselor within 45 days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action."  29 C.F.R. § 1614.105(a)(1).  "Prior to instituting a court action under Title VII, a plaintiff alleging discrimination in federal employment must proceed before the agency charged with discrimination."  Bayer v. United States Dep't Treasury, 956 F.2d 330, 332 (D.C. Cir. 1992) (citing 42 U.S.C. § 2000e-16(c)).  The Court's legal analysis pertaining to exhaustion applies equally to the public sector.  See Romero-Ostolaza v. Ridge, 370 F. Supp. 2d 139, 148 (D.D.C. 2005) (noting that the 45-day requirement in 29 C.F.R. § 1614.105 "operates like a

statute of limitations and may be tolled if the plaintiff pleads and proves equitable reasons for noncompliance."). Ms. Diefenderfer has failed to prove any equitable reasons for noncompliance.

For these reasons, the Court DENIES the deferred portion of Plaintiff's Motion for Reconsideration, docket no. 31.

IT IS SO ORDERED.

DATED this 10th day of August, 2009.

                                 /s/ Thomas S. Zilly
                                 Thomas S. Zilly
                                 United States District Judge

ORDER - 6